Kay and Alta STUFFLEBEAN,
Respondents,

v.

FIREMAN'S FUND INSURANCE
COMPANY, Appellant.

No. WD 37209.

Missouri Court of Appeals,
Western District.

June 3, 1986.

Earl W. Brown (argued), Trenton, for appellant.

No appearance for respondents.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

NUGENT, Presiding Judge.

Defendant Fireman's Fund Insurance Company appeals from a judgment for plaintiffs Kay and Alta Stufflebean in an action to recover loss from damage to the contents of plaintiffs' house. The case originated as an action in small claims court. Plaintiffs sued the insurance company on a policy issued by defendant on plaintiffs' house. The policy covered, among other things, loss of personal property in the house. The court awarded

plaintiffs judgment in the amount of $238.67 for damage to a rug. On trial de novo judgment was entered in favor of plaintiffs in the amount of $266.67.

Defendant argues that the trial court erred by awarding judgment in favor of plaintiff because no substantial evidence was submitted to support the judgment and the evidence showed that plaintiffs' loss resulted from flood or surface waters, perils which were not covered by plaintiffs' insurance policy.

Judgment reversed.

Plaintiff Kay Stufflebean appeared pro se and testified in narrative form that a terrible wind storm tore the gutter off the roof so that it hung down in a point over the porch. The wind was blowing toward the house on that side, and the water running out of the gutter accumulated to a depth of five or six inches on the porch. Later she observed water in the basement. She could not find any structural damage to the house, and the basement and foundation did not have any cracks. Plaintiffs' witness, Mr. Hoerrman, testified that the water mark on the siding on the house demonstrates that the water rose to a level of five or six inches on the porch and then seeped into the house between the siding and the foundation. He testified that the water had damaged the siding at the base of the wall and that the paint had come off the bottom edge of the siding. He observed a waterline on the siding six to eight inches above the floor of the porch in the area where the gutter was broken. Mrs. Stufflebean and her witness testified that the storm caused no openings in the roof or walls of the house. She could not explain how the water got into the basement. She surmised that water seeped in through a space between the foundation and the siding while the storm was blowing the water against the house. Defendant's position at trial was that the only damage to the exterior of the house was the waterline on the siding. The testimony of plaintiff and Mr. Hoerrman confirmed that fact.

The water soaked the rug in one room in the basement. After the storm, Mrs. Stufflebean called defendant's agent and noti-

fied him of the damage. She waited a few days, expecting an adjuster from the company to come to her house to see the damage. Finally, she tore the rug up and dried it by putting it up on chairs. She also hired a carpet company to lay the part of the carpet that she had removed. Plaintiffs seek damages for the labor required to tear up the wet carpet and to be reimbursed for the expense of having the carpet laid again by professionals after it was dry. They have already been reimbursed for the cost of repairing the gutters.

At trial, defendant first argued that coverage for the damage to the rug is excluded because the damage resulted from flood or surface water, a loss excluded from coverage by the following provision.

We will not cover loss resulting directly or indirectly from:

   . . . .

3.  Water damage resulting from:

    a.  Flood or surface water; waves, tidal water, or overflow of a body of water; or spray from any of these, whether or not driven by wind. . . .

Defendant also asserted that if the damage was caused by windstorm and rain rather than flood, the damage was not covered unless the house itself was damaged. The policy provision on which the company relied to make the second argument was as follows:

1.  BASIC PERILS

When shown in the Declaration we insure for direct loss to property described caused by:

   . . . .

    b.  Windstorm or hail.

This peril does not include:

1.  loss to the interior of a building or the property contained in a building caused by rain ... unless: the direct force of wind or hail damages the building causing an opening in a roof or wall; and the rain ... enters through this opening. . . .

The trial court in rendering its decision for plaintiffs, found that the "policy exclusions do not exclude damage from down-

spout water which ... would have been carried away but for the windstorm blowing it from the house in the area where damage was done to plaintiffs' dwelling." Neither party disputes that a windstorm preceded the damage and that the broken downspout poured water onto the porch until the water reached a depth of at least four to six inches. The insurance company apparently concedes that the damage to the rug resulted from the accumulation of water on the porch but argues that the accumulation, whether caused by a windstorm or flood, was not covered under the terms of the policy.

■ We must affirm the decree of the circuit court unless the decree has no substantial evidence to support it, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.1976) (en banc). We will not disturb its holding unless left with the definite and firm conviction that it was wrong. *Id.* In this case the burden was on the plaintiffs to establish that the loss was the result of one of the perils insured against, specifically, water damage caused by the direct force of the wind creating an opening in the roof or the wall of the house. *Russell v. Reliance Insurance Co.,* 645 S.W.2d 166, 172 (Mo. App.1982). The burden was on the insurance company if it wished to rely on a policy exclusion "to prove facts which would make the quoted policy exclusion provision applicable." *Mission Insurance Co. v. Ward,* 487 S.W.2d 449, 451 (Mo.1972) (en banc).

■ The specific terms of the instant policy insure against the peril of rain water only if it enters through an opening in a roof or wall which was caused by the direct force of wind or hail.

Therefore, we need not consider whether the water that entered plaintiffs' basement was "flood or surface water" or whether the insurer met its burden of proving that the damage was caused by flood or surface water. The evidence is uncontradicted that the direct force of the wind did not cause an opening in the roof or wall of the house through which the rain water entered. The

only conclusion one can possibly draw from the evidence is that the broken gutter caused water to accumulate on the porch and that the cumulated water seeped into the basement, as Mr. Hoerrman, plaintiffs' witness, conceded in his testimony on cross-examination.

Plaintiffs failed to sustain their burden of proof. They presented no substantial evidence to show that their loss was the result of one of the perils insured against. The judgment of the trial court was, therefore, not supported by any evidence and must be reversed. *Murphy v. Carron, supra.*

Accordingly, we reverse the judgment and direct the circuit court to enter judgment for the defendant.

All concur.